UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------x

ANDREW SCHLESINGER,
an individual,

        Plaintiff,

vs.

HASCO THIBODAUX, L.L.C.
a Limited Liability Company

        Defendant.

------------------------------------------------------------x

CASE NO.:

Judge:

Magistrate:

## COMPLAINT

Plaintiff, ANDREW SCHLESINGER, by and through his undersigned counsel, hereby files this Complaint and sues Hasco Thibodaux, L.L.C. (hereinafter referred to as "DEFENDANT"), a Limited Liability Company, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, ANDREW SCHLESINGER, (hereinafter referred to as "MR. SCHLESINGER" or "PLAINTIFF"), is a resident of Lafourche Parish, Louisiana.

4. MR. SCHLESINGER is a qualified individual with a disability under the ADA. MR. SCHLESINGER is afflicted with spina bifida.

5. Due to his disability, PLAINTIFF is substantially impaired in several major life activities and

1

requires a wheelchair for mobility.

6. Upon information and belief, DEFENDANT is a Limited Liability Company, organized in the State of Mississippi and having the domicile of 1722 Veterans Boulevard, McComb, Mississippi 39648. DEFENDANT is a registered with the Louisiana Secretary of State to do business in Louisiana and has its principle Louisiana business establishment at 300 North Canal Boulevard, Thibodaux, Louisiana, 70301.

7. Upon information and belief, DEFENDANT is the owner, lessee, lessor and/or operator of the real properties and improvements which is the subject of this action, to wit: Plaza Del Rienzi Shopping Center generally located at 375 North Canal Boulevard, Thibodaux, Louisiana 70301.

8. The DEFENDANT is obligated to comply with the ADA.

9. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Lafourche Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

10. PLAINTIFF realleges and reavers Paragraphs 1 - 9 as if they were expressly restated herein.

11. The Property is a place of public accommodation, subject to the ADA, generally located at: at 375 North Canal Boulevard, Thibodaux, Louisiana 70301.

12. MR. SCHLESINGER has visited the Property numerous times and plans to visit the Property again in the near future.

13. During these visits, MR. SCHLESINGER experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 16 of this Complaint.

14. MR. SCHLESINGER continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 16 which still exist.

15. MR. SCHLESINGER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

16. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against PLAINTIFF due to, but not limited to the following violations which PLAINTIFF personally observed and/or encountered which hindered his access:

    A. There are ramps at the facility that do not have level landings and/or contain excessive slopes;

    B. A complete lack of disabled parking in the vicinity of certain retailers within the shopping center;

    C. There is no compliant accessible route from the parking areas to the facility;

    D. In the parking area there is non complaint striping and signage;

    E. There is no compliant curb cut between the parking area and facility itself;

    F. The cross slope of the curb ramp contains excessive slopes; and

    G. The restrooms are non-compliant and do not have the proper signage.

17. Furthermore, DEFENDANT continues to discriminate against PLAINTIFF, and others similarly situated, by failing to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

19. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

19. Removal of the barriers to access located on the Property would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offer to the general public.

20. Independent of his intent to return as a patron to the Property, PLAINTIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action. PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing DEFENDANT to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
757 St. Charles Ave., Suite 302
New Orleans, Louisiana 70130
T: 504-619-9999; F: 504-592-3300

By: _____
Andrew D. Bizer