UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW SCHLESINGER                                                    CIVIL ACTION

VERSUS                                                                NO.: 13-6237

HASCO THIBODAUX, LLC.                                                 SECTION: "C"

ORDER AND REASONS

Before the Court is a Motion to Strike Affirmative Defenses filed by the plaintiff, Andrew Schlesinger. Rec. Doc. 10.  The defendant, Hasco Thibodaux, LLC opposes the motion. Rec. Doc. 11. Having considered the applicable law, the record, and the memoranda of counsel, the Court finds that the Motion to Strike Affirmative Defenses is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND

This Motion comes before the Court in order to settle the question of whether certain affirmative defenses outlined in the defendant's Answer meet the requisite pleading standard under Federal Rule of Civil Procedure 8(b) in order to survive a motion to strike under Federal Rule of Civil Procedure 12(f). Rec. Doc. 8.

The defendant is a limited liability company organized in the state of Mississippi. *Id*. at 2. The defendant is registered to do business in Louisiana and is the owner and lessor of the Plaza Del

1

Rienzi Shopping Center (Shopping Center) located at 375 North Canal Boulevard, Thibodaux, Louisiana 70301. *Id*.

The plaintiff has spina bifida and requires a wheelchair for mobility. Rec. Doc. 1 at 1-2. The plaintiff visited the Shopping Center and alleges "serious difficulty accessing the goods and utilizing the services therein due to architectural barriers." *Id*. at 3. The plaintiff also alleges multiple violations under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. (ADA). *Id*. at 2.

## II. LEGAL STANDARD

### 1. Motions to Strike

Under Federal Rule of Civil Procedure 8(a), a claim for relief must contain a short and plain statement of the grounds on which the pleader is entitled to relief. Under Federal Rule of Civil Procedure (8)(c), a party must state any affirmative defense in its claim for relief. Federal Rule of Civil Procedure 12(f) states that the Court may strike any defense that is insufficient, redundant, immaterial, impertinent, or scandalous either on its own motion, or on motion by a party. A motion to strike is appropriate when the allegations are prejudicial to the opposing party or immaterial to the lawsuit. *Johnson v. Harvey,* 1998 WL 596745, at *7 (E.D.La. 1998). An allegation is immaterial to the lawsuit when the challenged allegations do not bear on the subject matter of the litigation. *Bayou Fleet P'ship, LLC v. St. Charles Parish,* 2011 WL 2680686, at *5 (E.D.La. Jul. 8, 2011). The Court will not decide a disputed question of fact on a motion to strike. *Gonzalez v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 2607096 at*5 (E.D. La. July 1, 2011).

### 2. Pleading Standard for Affirmative Defenses

In *Woodfield v. Bowman,* the Fifth Circuit directly addressed the pleading standard for affirmative defenses. 193 F.3d 354, 362 (5th Cir. 1999). In that case, the Fifth Circuit articulated three important standards for pleading affirmative defenses. First, *Woodfield* held that an affirmative defense requires the same pleading standard as the complaint. *Id*. Second, *Woodfield* articulated a "fair notice" standard for pleading affirmative defenses which requires enough specificity so that the plaintiff is not a victim of unfair surprise. *Id.* Third, under *Woodfield,* a "boilerplate" defense pleading is not sufficient under Federal Rule of Civil Procedure (8)(c). *Id.*

However, *Woodfield* was decided before two recent Supreme Court cases on pleading standards. The first, *Bell Atlantic v. Twombly*, held that in order to meet the requirements of Federal Rules of Civil Procedure (8), a claim for relief must be "plausible on its face." 550 U.S. 544, 570, (2007). In the second case, *Ashcroft v. Iqbal*, the Court held that when considering the factual allegations of the complaint as true, a claim must cross the line "from conceivable to plausible" and allow one to draw the "reasonable inference" that the defendant is liable. 556 U.S. 662, 680 (2009).

Under these two cases, a claim for relief must plead enough facts so that, taken in the light most favorable to the pleader, it is plausible that the pleader is entitled to relief. *Bell Atlantic v. Twombly*, 550 U.S. at 550; *Ashcroft v. Iqbal*, 556 U.S. at 680-682. While it is clear that *Iqbal* and *Twombly* apply the plausibility standard to pleading a claim for relief, the pleading standard for affirmative defenses has not been clarified.

After *Twombly* but before *Iqbal*, the Fifth Circuit addressed the pleading standard for affirmative defenses in *Rogers v. McDorman*. 521 F.3d 381, 385 (5th Cir. 2008). In *Rogers*, the court used a "fair notice" pleading standard which requires enough factual particularity to avoid unfair surprise to the plaintiff. *Id.* The court determined that an affirmative defense is waived when a plaintiff is prejudiced in his ability to respond. *Id.* The Fifth Circuit has not addressed the pleading standards for affirmative defenses after *Iqbal*. Therefore, *Woodfield* is still applicable to motions to strike affirmative defenses.

### III. DISCUSSION

#### A. First Affirmative Defense

The defendant's first affirmative defense asserts "Plaintiff's Complaint fails to state a claim upon which relief can be granted." Rec. Doc. 8 at 4. The defense of failure to state a claim "mimics" form 30 in the appendix to the Federal Rules of Civil Procedure and is therefore legally sufficient. *Schlosser v. Metro. Prop. & Cas. Ins. Co*., 2012 WL 3879529 at *3 (E.D.La. Aug. 30, 2011);  Fed.R.Civ.P. 84, Form 30. Therefore, the Court declines to strike the first defense.

#### B. Second and Third Affirmative Defenses

The defendant's second affirmative defense asserts "Plaintiff has no private right of action to enforce the ADA Guidelines cited in his complaint." Rec. Doc. 8 at 4. The defendant's third affirmative defense asserts "Plaintiff has no cause of action against Defendant for certain allegations set forth in the complaint." *Id*. In their Memorandum in Opposition, the defendant

claims that both their second and third defenses challenge the plaintiff's standing. Rec. Doc. 11 at 5- 6. Specifically, the defendant argues that both defenses challenge the plaintiff's standing regarding a request for relief ordering the defendant to "alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA." Rec. Doc. 1 at 5. Defendant's seventh affirmative defense asserts "Plaintiff lacks standing to assert an action to cure Defendant's property of all alleged ADA defects." Rec. Doc. 8 at 4. These arguments are indistinguishable. Rule 12 (f) of the Federal Rules of Civil Procedure permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). The defendant's second and third affirmative defenses are redundant. Therefore, the Court grants the Motion to Strike the second and third defenses, without prejudice to the defendant's right to seek leave to amend its answer.

### C. Ninth Affirmative Defense

The defendant's ninth affirmative defense asserts "[t]he modification of some or all of the alleged barriers listed in the Complaint is not readily achievable." Rec. Doc. 8 at 4. This is not an affirmative defense, but instead is a redundant denial. The Fifth Circuit in *Johnson v. Gambrinus Company/ Spoetzl Brewery* held that "the plaintiff bears the ultimate burden of proof on the issue" of whether a modification is readily achievable. 116 F. 3d. 1052, 1059 (5th Cir. 1997)**.** Therefore, the Court grants the Motion to Strike the ninth defense, without prejudice to the defendant's right to seek leave to amend its answer.

Accordingly,

IT IS ORDERED that the plaintiff's Motion to Strike Affirmative Defenses is GRANTED IN PART and DENIED IN PART. Rec. Doc. 10.

New Orleans, Louisiana, this  7th  day of February, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE